STATE OF CONNECTICUT v. SOPHIE JASINSKI, EXECUTRIX

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 69452

Memorandum filed February 9, 1949.

Raymond J. Cannon, of Hartford, for the Plaintiff.

Richard T. Mokrzynski, of New Haven, for the Defendant.

QUINLAN, J.  This action by the state of Connecticut comes into court by the submission of a claim against the estate of one Stanley Zalaske which was disallowed except to the extent of $124.57.  Zalaske had been confined at Undercliff Sanatorium and had paid the state at the rate of $4 per week for a considerable part of the time of his confinement.

Demurrers to the complaint and two special defenses have been filed and overruled, respectively, by the court (Shea and Roberts, Js.).  As I do not feel disposed (although not prevented from doing so) to make a different interpretation of the law than was made on those demurrers, there remains to be determined the questions of fact on the right to recover and sufficiency of the contracts alleged in the special defenses as a defense. The second count of the complaint has been withdrawn.

As to the second special defense, I find that the conveyance to the state of Connecticut was an independent transaction by the state in the business of acquiring right of way and had nothing to do with the terms of the defendant's confinement.

As to the claim that his confinement was by contract at the rate of $4 per week, the burden is on the defendant and I am not satisfied that any such contract was ever made.  The action is based on a statute and the mere billing and receipt of $4 a week does not constitute a contract in the face of the statute, which

enables a recovery under § 1005c, Cum. Sup. 1935, (Rev. 1949, § 4122) of the full cost of care and treatment according to ability to pay. It provides that "Patients who are able to pay the full cost of care and treatment *** shall be received, and such patients *** shall pay to the state the full cost of such care and treatment.

Section 6030, Rev. 1930, (Rev. 1949, § 8337), entitled "Survival of actions and causes of action," reads in part: "No cause or right of action shall be lost or destroyed by the death of any person, but it.shall survive in favor of or against the executor or administrator of such deceased person." It was contended by demurrer, as above indicated, and on the trial that this statute does not preserve the action and that § 4122, supra, gives no right of reimbursement. First, as a claim against the estate, and second, by § 8337, supra, an action would lie.

It is further claimed that § 250f, Cum. Sup. 1941 (Rev. 1949, § 2663), allows no reimbursement for tubercular patients. This section is under Title 19, "Humane and Reformatory Agencies and Institutions." It is my opinion that this section need not be relied upon to permit recovery. It is true that tubercular institutions come under a different title and § 2663, supra, falls under chapter 119 of Title 19 and is included in the provisions concerning mentally ill persons. Nevertheless, the wording of the section is broad and general and certainly applies to other than mentally ill persons. It reads in part: "When *** any sum shall have been paid by the state or any town or city within the state for the support of any such person in a humane institution, whether such person shall have been committed thereto as a pauper or as an indigent, or otherwise, such person or his estate, shall be liable to reimburse the state or such town. . . ." The instant proceeding arose as a claim against the estate and a recovery may be had.

No claim is made for interest. Indeed, the ad damnum was for an exact amount of money, and the state concedes that the amount due cannot exceed the amount set forth in the complaint, to say nothing of the claim as submitted to the executrix. The claim breaks down by years the per capita cost of a patient. The evidence indicates that in the year July 1, 1943, to June 30, 1944, the per capita cost was 11-3/4 cents less per week than charged in the claim submitted. The estate should have the benefit of this, which amounts, for the year, to $6.11.

Judgment may enter for the plaintiff to recover $5491.92 with costs.